UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-27-KKC

BRANDON COMBS                                                                                                   PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

JOSEPH LAMBERT, ET AL.                                                                                DEFENDANT

The plaintiff, Brandon Combs, who lists his address as P.O. Box 1056, Nicholasville, Kentucky, 40356, has filed a *pro se* civil rights complaint. He asserts claims under 42 U.S.C. §1983. He has paid the $350.00 filing fee for a civil action.

## AUTHORITY TO SCREEN

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## CLAIMS

The plaintiff claims that the defendants violated his constitutional rights to due process and equal protection under the law. He complains that the justices failed to address the merits of a Motion for Discretionary Review which he filed in the Kentucky Supreme Court. That motion stemmed from the plaintiff's appeal of adverse rulings rendered in 2004 in his Jessamine Circuit Court divorce proceeding. Plaintiff states that he filed the instant civil rights action to restore "his

right of appellate review as specifically guaranteed by § 115 of the Kentucky Constitution." [Record No. 1, Complaint, p. 3][1]

## NAMED DEFENDANTS

The plaintiff named the seven justices of the Kentucky Supreme Court as the defendants in this proceeding. The defendants are: (1) Chief Justice Joseph Lambert; (2) Justice Bill Cunningham; (3) Justice John D. Minton; (4) Justice William E. McAnulty; (5) Justice Mary C.Noble; (6) Justice Will Schroeder; and (7) Justice Will T. Scott. The plaintiff asserts claims against the defendants in their official capacities.

## ALLEGATIONS OF THE COMPLAINT
### 1. Plaintiff's State Court Proceedings

The plaintiff was involved in an acrimonious divorce proceeding in Jessamine Circuit Court.[2] On July 23, 2001, a decree of dissolution was entered in the Trial Court. The decree incorporated a settlement agreement which obligated the plaintiff to make monthly child support payments of $427.85. The decree obligated Jennifer Combs Sizemore to provide health insurance for Lauren Michelle Combs "so long as same is available through her employer." [*See* Complaint, Record No. 1-6, p. 3]

In 2004, Jennifer filed a motion in the Trial Court, asking the Trial Court to increase the child support payment to $496.54. According to the documents attached to the instant §1983 complaint, Jennifer Comb's worksheet included $224.83 in child care costs and $182.06 for health insurance premiums, which included both health and dental coverage [Record No. 1-6, p. 3]. The plaintiff

---

[1] The plaintiff attached approximately seventy pages of exhibits to his complaint. The attachments consist of copies of briefs he filed in the state court, as well as opinions from the various state courts involved in his divorce and appeal [*See* Record Nos. 1-2 through 1-9].

[2] *See Brandon Combs v. Jennifer Combs* (now Sizemore), Jessamine Circuit Court, Civil Action No. 01-CI-00094 (Hon. C. Hunter Daugherty, presiding) ('the Trial Court"). According to the attachments, one child, Lauren Michelle Combs, was born to the marriage. [Record No. 1-6]

objected to the increase, arguing that the child care expenses were unnecessary because either he or his family members could provide after-school child care services while Jennifer was working. He further argued that dental insurance expenses were not allowable under KRS 403.213(2).

The Trial Court found several problems with the plaintiff's solution to after-school child care issues, such as the plaintiff's inability to consistently provide after-school care. Accordingly, on September 1, 2004, the Trial Court ordered the plaintiff to pay the expense for after-school child care and the cost of dental insurance for the child, finding that both expenses were reasonable and necessary. The plaintiff appealed to the Kentucky Court of Appeals.

On November 10, 2005, the Kentucky Court of Appeals issued an eight-page Opinion Affirming the decision of the Trial Court. *See Brandon Jones v. Jennifer Combs (now Sizemore)*, Appeal No. 2004-CA-002006-MR. [3] The Court of Appeals carefully examined the award of both expenses. Summarized, the Court of Appeals concluded that there was substantial evidence to support the child support increase as ordered by the Trial Court.[4]

On February 27, 2006, the plaintiff filed a Motion for Discretionary Review in the Supreme Court of Kentucky. *See Brandon Combs v. Jennifer Combs (now Sizemore)*, Case No. 2006-SC-000161. On May 10, 2006, the Supreme Court entered a one-page Order denying the plaintiff's Motion for Discretionary Review. The Court did not address the merits of the plaintiff's Motion. That Order is the subject of this §1983 complaint.

---

[3] The Opinion Affirming was modified on February 3, 2006. On that date, the Kentucky Court of Appeals also entered an "Order Denying Petition for Rehearing and Motion for Extension, and Granting Motion to Modify." [*See* Record No. 1-8]

[4] The Court of Appeals noted that the plaintiff was responsible for the payment of the child's dental expenses regardless of whether they were paid for through insurance or on a fee basis. The Court of Appeals specifically noted that the plaintiff could file a motion in the Trial Court if he had evidence that the dental coverage at issue was not worth the cost.

2. Claims Asserted in §1983 Complaint

In the instant §1983 action, the plaintiff complains that the Supreme Court failed to address the facts, evidence, applicable statutes, or any of the legal arguments which he raised in his Motion for Discretionary Review. He complains that the Supreme Court did not offer any legal reasoning underlying its cursory rejection of his Motion for Discretionary Review.

The plaintiff claims that the Supreme Court's actions in denying his motion via a one-page Order violated his right to appellate review on the merits. He asserts that the Supreme Court's method of disposition of his Motion ". . . intentionally, arbitrarily and capriciously violated his procedural and substantive due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and his substantive right to direct appellate review as guaranteed by the Kentucky Constitution." [Complaint, Record No. 1-1, p. 21]

3. Demand for Relief

The plaintiff asks this Court to enter an injunction requiring the Kentucky Supreme Court to restore his appellate rights and to address the issues which he raised in his Motion for Discretionary Review. He asks this Court to: (1) enter a Declaratory Judgment finding that the Kentucky Supreme Court justices violated his constitutional rights; (2) grant him a jury trial; (3) award his court costs and attorney fees, if any; and (4) order all other appropriate relief.

DISCUSSION

To support a claim under 42 U.S.C. §1983, a plaintiff must allege facts showing that the named defendant engaged in conduct under color of state law and that the alleged conduct deprived him of a right secured by the Constitution or law of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir.2003). The Court must dismiss the instant §1983 action for three reasons.

1. <u>Judicial Immunity</u>

Judges are absolutely immune from suit under 42 U.S.C. §1983 if the complained-of act was not taken in the clear absence of all jurisdiction, and if the complained-of act was a judicial act (*i.e.*, the function was normally one performed by a judge and the parties dealt with the judge in his judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity exists for "those acts which are truly judicial acts. . . ." *Morrison v. Lipscomb*, 877 F.2d 463, 467-68 (6th Cir. 1989) (citing *Forrester v. White,* 484 U.S. 219 (1988)), and is not diminished even if the judge's exercise of authority is flawed or is in error. *Id.*, 435 U.S. at 359.

"[A]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30). In *Stump*, the Supreme Court established a two-prong test to determine whether an act is "judicial." *Id.* at 362, 98 S. Ct. 1099.

First, the Court must consider whether the act in question was a function that is "normally performed by a judge." *Id*. The Sixth Circuit has previously referred to this inquiry as the functional approach. Under this inquiry, a court is required to examine the nature and function of the act, not the act itself. The Supreme Court reformulated this inquiry in *Mireles v. Waco*, 502 U.S. 9 , 11-12 (1991) (per curiam), holding that even if a particular act is not a function normally performed by a judge, the court must look to the particular act's relation to a general function normally performed by a judge. *Id*. at 13, 112 S. Ct. 286.

Second, in determining whether an act is "judicial," the court must assess whether the parties dealt with the judges in their judicial capacity. *Id*. at 12, 112 S. Ct. 286. In examining the functions

5

normally performed by a judge, the Sixth Circuit explains that "paradigmatic judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir.1997). Conversely, whenever an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial. *Cameron v. Seitz*, 38 F.3d at 271.

In the instant proceeding, the plaintiff does not allege that seven Kentucky Supreme Court justices engaged in the complained-of action in a non-judicial capacity. The essence of the complaint is that the plaintiff is unhappy that the Kentucky Supreme Court denied his Motion for Discretionary Review without any discussion of the merits of the matter.

The Court concludes that the named defendants were clearly acting within their jurisdiction and judicial capacities in summarily denying the plaintiff's Motion for Discretionary Review. They were performing "truly judicial acts" by entering the May 10, 2006 Order. A judge's rulings on motions, even if they are detrimental to a litigant's case, constitute judicial action and are thus protected by judicial immunity. *Stump*, 485 U.S. at 363 (disagreement with action taken by judge does not deprive him of judicial immunity). *See also Clark v. Taylor*, 627 F.2d 284 (D.C. Cir. 1980). "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity." *Stump*, 485 U.S. at 363. Under the doctrine of absolute judicial immunity, the plaintiff's complaint fails as a matter of law.

### 2. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine creates the second barrier to the plaintiff's claims. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of*

6

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923).

The *Rooker-Feldman* doctrine provides that a federal district court lacks jurisdiction to determine the validity of state court judgments. *See Feldman*, 460 U.S. at 486, 103 S. Ct. 1303. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.[5]

Under this doctrine, federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *See Feldman*, 460 U.S. at 486-87; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir.2000). A plaintiff's claims are inextricably intertwined with a state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *see Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *See Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293.

The *Rooker-Feldman* doctrine bars Plaintiff Combs' claims because they fall into the first category of cases to which the *Rooker-Feldman* doctrine applies. Plaintiff objects to the manner in which the Kentucky Supreme Court disposed of his Motion for Discretionary Review, which disposition was implicit affirmation of the Kentucky Court of Appeal's February 3, 2006 Opinion

---

[5] Title 28 U.S.C. §1257 grants the Supreme Court of the United States appellate jurisdiction over any final decision rendered by the highest appellate court of any of the several States.

7

Affirming. *Rooker-Feldman* applies where the federal plaintiff identifies the prior state court decision as the source of the injury. As the Sixth Circuit has recently explained:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
> ...
> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.

*McCormick v. Braverman*, 451 F.3d 382, 392-94 (6th Cir. 2006).

Here, the plaintiff's federal claims can succeed only if this Court determines that the Trial Court, the Kentucky Court of Appeals, and the Kentucky Supreme Court wrongly decided the domestic relations/child support issues before them. While the plaintiff characterizes this action as one challenging allegedly unconstitutional action undertaken by the Kentucky Supreme Court justices, the plaintiff's federal claim is actually an impermissible appeal of the Kentucky state court's disposition of his claims. *See Dunina v. Hein*, 2007 WL 496355, *3-4 (S. D. Ohio) (February 12, 2007) (Only Westlaw citation currently available) (where *pro se* plaintiff challenged a state court judge's decision and conduct arising from her domestic relations case, district court properly dismissed §1983 complaint on grounds of absolute judicial immunity and the *Rooker-Feldman* doctrine).

This proceeding is a "textbook" case for application of the *Rooker-Feldman* doctrine. The plaintiff's complaint alleges that the Kentucky Supreme Court's disposition of his Motion for Discretionary Review violates his constitutional rights and is thus the source of his injury. An

unsuccessful state court litigant simply cannot "appeal" a state court decision in federal court. If the plaintiff was not satisfied with the Kentucky Supreme Court's summary rejection of his Motion for Discretionary Review, the plaintiff should have sought permission to appeal to the United States Supreme Court.

Thus, the Court lacks subject matter jurisdiction to entertain this action. 28 U.S.C. §1257; *Exxon Mobil*, 544 U.S. at 285; *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85-87 (2nd Cir. 2005). The plaintiff's complaint must be dismissed with prejudice.

### 3. No Denial of Due Process

Even were the doctrines of judicial immunity and *Rooker-Feldman* not applicable, the complaint would still suffer from a fatal defect on the merits. The plaintiff received all of the due process to which he was entitled under Kentucky law and Kentucky's appellate procedure.

With the adoption of the Judicial Article, Kentucky Constitution, §§109-24, effective January 1, 1976, Kentucky's Constitution was amended to allow one appeal as a matter of right from a judgment. *See Elk Horn Coal Corp. v. Cheyenne Resources, Inc.*, 163 S.W.3d 408 (Ky. 2005). An appeal may be taken to the Kentucky Supreme Court *as a matter of right* from a judgment or final order in any proceeding *originating in the Court of Appeals*. *See* C.R. 76.36(7)(a); *Russell County, Kentucky Hosp. Dist. Health Facilities Corp. v. Ephraim McDowell Health, Inc.*, 152 S.W.3d 230 (Ky. 2004) (Emphasis Added).

Here, the plaintiff's case originated in the Trial Court (Jessamine Circuit Court) and therefore, his appeal as a matter of right was to the Kentucky Court of Appeals. The Kentucky Court of Appeals addressed on the merits the claims which the plaintiff raised in his 2004 appeal. Accordingly, the plaintiff's claims were in fact considered on the merits in one appellate forum.

In this case, the Kentucky Supreme Court was not required to entertain any appeal as a matter of right. Such a decision would have been purely discretionary in nature. That is why a party dissatisfied with a ruling from the Kentucky Court of Appeals must file a Motion for *Discretionary Review*. Here, the Kentucky Supreme Court was not required to provide the plaintiff with any legal analysis, or written reasons, justifying its summary denial of the Motion for Discretionary Review.

**CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1)   The plaintiff's complaint in this action [07-CV-27-KKC] is **DISMISSED WITH PREJUDICE.**

(2)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Dated this the 4th day of May, 2007.

Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**