UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-27-KKC

BRANDON COMBS                                                                                           PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOSEPH LAMBERT, ET AL.                                                                         DEFENDANT

Before the Court are two matters: (1) the "Motion to Alter, Amend or Vacate" pursuant to Fed. R. Civ. P. 59(e) [Record No. 6] filed by the *pro se* plaintiff, Brandon Combs, and (2) the "Motion to Dismiss" [Record No. 5] filed by counsel for the defendants, the seven justices of the Kentucky Supreme Court.[1]

Plaintiff asks this Court to set aside its May 4, 2007 Memorandum Opinion and Order ("the Opinion and Order") and Judgment [Record Nos. 3 and 4] dismissing his complaint filed under 42 U.S.C. §1983.[2] In the Opinion and Order, the Court determined that it lacked subject matter jurisdiction over the matter and dismissed the action *sua sponte*. Four days later, May 8, 2007, the defendants ask the Court to dismiss the complaint. Accordingly, the Court will deny the defendants' motion as moot.

---

[1] The defendants are: (1) Chief Justice Joseph Lambert; (2) Justice Bill Cunningham; (3) Justice John D. Minton; (4) Justice William E. McAnulty; (5) Justice Mary C. Noble; (6) Justice Will Schroeder; and (7) Justice Will T. Scott.

[2] The claims asserted in the complaint; the relief sought therein; and the reasons for dismissal are fully set forth in the Opinion and Order dated May 4, 2007 [Record No. 3].

DISCUSSION
1. Standard of Review

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Here, the plaintiff has not met the threshold requirement under Rule 59(e). He simply reargues the allegations contained in his §1983 complaint. That complaint simply recited the legal arguments he had previously asserted unsuccessfully in his Jessamine Circuit Court divorce proceeding.

2. *Rooker-Feldman* Doctrine

In its previous opinion, this Court concluded that the *Rooker-Feldman* doctrine prevented review of the plaintiff's demand that the Kentucky Supreme Court address the merits of his Motion for Discretionary Review [*See* Op. & Ord., Record No. 3, p. 6-9]. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923).

As the Court noted in the Opinion and Order, a party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United

States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413).

Under this doctrine, federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *See Feldman*, 460 U.S. at 486-87; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir.2000). Under the *Rooker* and *Feldman* decisions, federal district courts lack subject matter jurisdiction actions which effectively appeal a state court judgment.

In his "Motion to Alter, Amend or Vacate," the plaintiff cites *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005). *Exxon* states that "The *Rooker -Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

While *Exxon* correctly explains the *Rooker-Feldman* doctrine, the meaningful distinctions it draws are of no assistance to the plaintiff. As the Court concluded in the Opinion and Order, the facts of Plaintiff Combs' case fall squarely in the category of cases prohibited by the *Rooker-Feldman* doctrine. While the plaintiff may wish to assign a different label to his complaint, the fact remains that he is challenging the outcome of his appeal in the Kentucky Supreme Court and the disposition of his Motion for Discretionary Review in the Kentucky Supreme Court.

"[T]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1199, 163 L. Ed.2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 284). The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir.2006).

The plaintiff is not challenging the constitutionality of a state law applied in his state action, in which case *Rooker-Feldman* would not apply. *See Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). On the contrary, Plaintiff Combs is complaining about an adverse state court judgment. He did not prevail in state court and is challenging that result through a §1983 complaint seeking injunctive relief.

The filing of an action under §1983 cannot serve as a basis for relitigating questions previously decided in state courts. *Tonti v. Petropouluos*, 656 F.2d 212 (6th Cir. 1981). The only available review of a state court's decision is the review by the United States Supreme Court provided under 28 U.S.C. §1257.

The plaintiff does not dispute that he did *not* seek permission to appeal the Kentucky Supreme Court's decision from the United states Supreme Court. The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 126 S. Ct. 1198, 1200. The Court properly applied the *Rooker-Feldman* doctrine.

## 2. Other Considerations

Even were the Court to assume for the moment that the *Rooker-Feldman* doctrine does not apply (which it does), there are three other reasons not to set aside the Opinion an Order. First, the defendants correctly note that the doctrine of claim preclusion would bar the complaint. *See Abbott v. Michigan*, 474 F.3d 324,331 (6th Cir. 2007) (case satisfied all three prongs of the Michigan Supreme Court's test to determine claim preclusion: the prior state-court decisions were decided on the merits and involved the same parties, and any due process or state-law arguments were or could have been resolved in those actions).

4

Second, although the plaintiff demands action by the Kentucky Supreme Court, federal courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275,1276 (5th Cir. 1973) (per curiam); and *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Third, to the extent that the plaintiff alleges that the Kentucky Supreme Court's denial of his Motion for Discretionary Review resulted in a denial of due process of law, his theory is defective. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 n.3 (8th Cir. 1996) collected cases and concluded that "there is no procedural due process exception to the *Rooker-Feldman* doctrine."

The plaintiff's Rule 59(e) motion simply lacks merit and must be denied.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  The defendants' "Motion to Dismiss" [Record No. 5] is **DENIED** as **MOOT**.

(2)  The plaintiff's "Motion to Alter, Amend or Vacate" [Record No. 6] is **DENIED**.

Dated this 16th day of May, 2007.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge